UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Shenzhen Zhiyou Technology Co., Ltd. and DongGuan NuoXin Electronic Trading Co., Ltd., <br> Plaintiffs, <br> v. <br> Yiwen Li and putianshixiuyuquhuayishangmaoyouxiangongsi a/k/a Molloish, <br> Defendants. | Case No. _____ |

**COMPLAINT**

Plaintiffs, Shenzhen Zhiyou Technology Co., Ltd. and DongGuan NuoXin Electronic Trading Co., Ltd. ("Zhiyou" and "NuoXin" respectively and "Plaintiffs" collectively), by and through their undersigned counsel, hereby file this Complaint against Defendants Yiwen Li and putianshixiuyuquhuayishangmaoyouxiangongsi a/k/a Molloish (hereinafter "Li" and "Molloish" respectively and "Defendants" collectively), and allege as follows:

**I.   THE PARTIES**

1.   Zhiyou is a corporation organized under the laws of the P.R. China, having a principal place of business at Room 301, Building 5, Hangcheng Zhigu Zhongcheng Future Industrial Park, Sanwei Community, Hangcheng Sub-district, Bao'an District, Shenzhen City, Guangdong Province, P.R. China.  Zhiyou operates an online store under the Seller ID: A2LGTR4N8A7MH1 and ASIN No. B0CQ2GTQ88 on the Amazon online platform. Since February, 2024, Zhiyou has been selling burger press on the Mazon platform.

2.   NuoXin is also a corporation organized under the laws of the P.R. China, having a principal place of business at 2nd Floor, No. 35 & 36, South 2nd Street of Qiaodong

1

Road, Shanhe Village, Qiaotou Town, Dongguan City, Guangdong Province, P.R. China. NuoXin operates an online store under the Seller ID: A5375D6ER9HJL, with ASIN B09TGKQHMK on the Amazon online platform. Since February 25, 2022, NuoXin has been selling burger makers on the Mazon platform.

3. Li is a resident of China, with a contact email of eusoltoz5@outlook.com and the owner of U.S. Design Patent No. D1,063,567S entitled "Burger Press" (Exhibit 1. the 'D567 Patent), issued on February 25, 2025 from U.S. Patent Application No. 29/833,614 ("the '614 Application"), filed on April 6, 2022.

4. Molloish is believed to be a licensee of the 'D567 Patent and an online store on Amazon platform, with an Amazon Seller ID AI7WWXDJ699LC and ASIN B0B74W6CB3.

## II. JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over the controversy which arose out of Defendant's filings of patent infringement complaints, Complaint No. 18123250891 against Zhiyou's ASIN: B0CQ2GTQ88 (Exhibit 2), and also Complaint No. 18123250891 against NuoXin's ASIN: B09TGKQHMK (Exhibit 3), with allegations that Plaintiffs' sales of their burger press products infringed the 'D567 Patent. Amazon subsequently locked down Plaintiffs' ASINs Nos. B0CQ2GTQ88 and B09TGKQHMK, causing substantial damages to Plaintiffs. This Court has subject matter jurisdiction over the present controversy under the Trademark Laws of the United States, 35 U.S.C. §§ 100 *et seq*., as well as pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act).

6. This Court has supplemental jurisdiction over the State Law claims pursuant to the provisions of 28 U.S.C. §1367.

7. This Court has personal jurisdiction over Defendants because Defendant stopped the sales of Plaintiffs' burger maker products to consumers in the State of Illinois.

8. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events occurred in the State of Illinois, which gave rise to the claim in the present action.

### III. STATEMENT OF FACTS

9. Plaintiffs are businesses engaged in developing, sourcing, marketing, and selling burger maker products in interstate commerce on Amazon platform directed to U.S. consumers, including those in the State of Illinois.

10. Plaintiffs' burger press product was disclosed in EU00469919700155 ("the 'EU155 Patent" Exhibit 4) on February 18, 2019, which are shown in the table below:



| the EU155 Patent (February 18, 2019) | Zhiyou's Product B0CQ2GTQ88 | NuoXin's Product B09TGKQHMK |
|---|---|---|
|  |  |  |

11. On April 6, 2022, more than two years after the publication of the 'EU155 Patent on February 18, 2019, Li filed the '614 Application") which was issued as the 'D567 Patent, claiming substantially the same design as in the 'EU155 Patent. A direct comparison of these designs are shown in the table below:

3



| the 'EU155 Patent (February 18, 2019) | the 'D567 Patent (April 6, 2022) |
|---|---|

12. Specifically, the 'EU155 Patent has already disclosed the pressing plate A, vertical rod F and mold E. Moreover, the 'EU155 Patent disclosed that (i) the vertical rod F also features a baffle B, and a spring C is sleeved on the vertical rod F between the baffle B and the pressing plate A; (ii) the mold E is similarly covered with a top cover G, and the top cover G also has a crossbeam D; and (iii) the vertical rod F likewise extends downward from the pressing plate A to the top cover G, passing through the baffle B and the crossbeam D in the same sequence as the claimed design in the 'D567 Patent

13. In conclusion, the 'EU155 Patent disclosure is identical to the claimed design in the 'D567 Patent, fully demonstrating that all design features claimed by the '567 Patent have already been disclosed in the 'EU155 Patent.

14. Therefore, the 'D567 Patent is clearly invalid under 35 U.S.C. Sec. 102(a) for lack of novelty and/or under 35 U.S.C. Sec. 103 for lack of distinctive character.

15. Accordingly, the Amazon complaint filed against Plaintiffs was based on the 'D567 Patent which is invalid and Defendants' use of the invalid patent to lock down Plaintiffs' Amazon stores shall constitute patent misuse.

## COUNT I
## DECLARATORY JUDGMENT THAT THE 'D567 PATENT IS INVALID

16. Plaintiffs hereby re-allege and incorporate by reference each of the allegations set forth in the foregoing paragraphs.

17. The 'EU155 Patent renders the 'D567 Patent invalid because the former disclosed the claimed design of the 'D567 Patent, including the pressing plate A, vertical rod F and mold E, as well as (i) the vertical rod F also features a baffle B, and a spring C is sleeved on the vertical rod F between the baffle B and the pressing plate A; (ii) the mold E is similarly covered with a top cover G, and the top cover G also has a crossbeam D; and (iii) the vertical rod F likewise extends downward from the pressing plate A to the top cover G, passing through the baffle B and the crossbeam D in the same sequence.

18. Therefore, the 'D567 Patent is clearly invalid over the 'EU155 Patent under 35 U.S.C. Sec. 102(a) for lack of novelty and/or under 35 U.S.C. Sec. 103 for being obvious or lack of distinctive character.

## COUNT II
## DECLARATORY JUDGMENT OF NONINFRINGE OF THE 'D567 PATENT

19. Plaintiffs hereby re-allege and incorporate by reference each of the allegations set forth in the foregoing paragraphs.

20. The Federal Circuit has noted that in circumstances where the claimed and accused designs are not plainly dissimilar, resolution of the question whether the ordinary observer would consider the two designs to be substantially the same will benefit from a comparison of the claimed and accused designs with the prior art. In the three-way visual

comparison chart, one would place the patented design on one side, the accused design in the middle, and other designs that look like the closest prior art on the other side.

21. Plaintiffs followed the three-way visual comparison test in the table below, as briefly mentioned by *Egyptian Goddess* can be evidenced by, e.g., *Rainworks Ltd. v. Mill-Rose Co.*, 622 F. Supp. 2d at 657 and *Richardson v. Stanley Works, Inc.*, 610 F. Supp. 2d, at 1052, to demonstrate noninfringement because the claim of the 'D567 Patent cannot be interpreted to read on either the Zhiyou' Product or the NuoXin's Product for the 'D567 Patent to remain valid because doing so would also read on the 'EU155 Patent so as to invalidate the 'D567 Patent.



| the 'EU155 Patent (February 18, 2019) | Zhiyou's Product B0CQ2GTQ88 | NuoXin's Product B09TGKQHMK | the 'D567 Patent (April 6, 2022) |

22. Therefore, neither the Zhiyou's product nor the NuoXin's product do not/cannot infringe the claim of the 'D567 Patent as a matter of law.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

23. Plaintiffs hereby re-allege and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

24. Plaintiffs have contracts with Amazon to do business through their Amazon seller stores.

25. As Plaintiffs' direct competitors on the Amazon platform, Defendants knew that Plaintiffs have been doing business on Amazon through its e-commerce store under the standard contractual agreement with Amazon.

26. Defendants intentionally interfered with the Plaintiffs' relationship with Amazon and expectancy of selling on Amazon by filing false patent infringement complaint through Amazon's intellectual property department. The complaint led to Amazon freezing Plaintiffs' ASINs thereby preventing Plaintiffs from selling their burger press products. Defendants intentionally harmed Plaintiffs, costing Plaintiffs significant sums of money.

27. Defendants used improper means to interfere with Plaintiffs' contract and relationship with Amazon. Defendant knew it had no valid patent right to the 'D567 Patent. Yet, Defendants accused Plaintiffs of patent infringement over the 'D567 Patent which is invalid and not infringed as a matter of law. Further, Defendants forced Plaintiffs to pay them ransom money for the release of their Amazon stores.

28. Defendants have damaged Plaintiffs, whose contractual relationship and business expectancy with Amazon have been disrupted. Plaintiffs have lost substantial amount of money and are currently being irreparably harmed by Defendants' intentional acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1) That the Plaintiffs' sales of the burger press products do not infringe any valid claims of the 'D567 Patent;

2) That the 'D567 Patent is invalid over the 'EU155 Patent under 35 U.S.C. Sec. 102(a) and/or 35 U.S.C. Sec. 103;

3) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from using the 'D567 Patent to assert infringement claims against Plaintiffs;

4) That Defendants be restrained from filing patent infringement allegations against Plaintiffs with Amazon during the pendency of this action;

5) That defendants tortiously interfered with the business relationship between Plaintiffs and Amazon;

6) That Plaintiffs be compensated for their damages from Defendants' tortious interference.

7) That Plaintiffs be awarded its reasonable attorneys' fees and costs; and

8) Award any and all other relief that this Court deems just and proper.

Date: February 9, 2026

Respectfully submitted,

/s/ *lance liu*
Lance Liu, Esq.
Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
Phone: (203)706-9536

Attorney for Plaintiffs